Case number 20-7117 Theodore Wesby et al. Appellants Antoinette Colbert as personal representative of the estate of Ethelbert D. Lewis v. District of Columbia et al. Mr. Economos for the appellants, Ms. Anderson for the District of Columbia appellees. Good morning, my name is Lucia Goin and I'd just like to introduce the student arguing this case on behalf of plaintiff appellants. I'm a law fellow and supervising attorney in Georgetown's Civil Rights Clinic who is counsel to plaintiffs in this case. And Mr. Orlando Economos is a third year law student in the clinic who will be arguing the case under Circuit Rule 46G. So unless the court has any questions about that, I will turn it over to Mr. Economos. Thank you. Good morning. Good morning, your honor. Thank you. And may it please the court, my name is Orlando Economos and I'm here on behalf of appellants. Restitution is a remedy that is granted by the court only after a careful evaluation of the equities of the parties before Here, the district court granted restitution to appellees without balancing the equities. That was an error of law. The court created a categorical rule that a legally unenforceable judgment always warrants restitution. It held in the opening paragraph of its opinion, plaintiffs must pay restitution to defendants because the legal process has coerced from the joint appendix there, your honor. But that is not what the law of restitution requires. By definition, it can only be awarded after a careful evaluation of the parties before the court. The Supreme Court held as much in Atlantic Coast where it stated it, quote, will not order restitution where the justice of the case does not call for it. And that's the equitable analysis that's required, your honor. And that's what we're looking for today, regardless of why the underlying judgment was vacated or reversed. Atlantic Coast stated that all suits for restitution are subject to an equitable analysis, including those made on a reversal of judgment. They further stated there that the claim for restitution yields to the impact of these converging equities with all their cumulative power. And this is what I'm going to ask. I'm a little it's a little hard for me. Some parts of the district court opinion sound like what you said, where it found like once once it found an invalid judgment, a payment had been made under a substantively invalidated judgment that that was unjust enrichment and there had to be payments. So that kind of sounds like that on the page you cited. And it kind of sounds like that on page 407. But then on 405, you know, the district talks about it's an it's a it's a it's an equitable remedy. You always look at the equitable circumstances. And so how how do I know which page if I if at times the district court seems to be acknowledging the application of equitable circumstances and other times doesn't what's the how am I supposed to know that there's a legal error here to call it as opposed to we just didn't quite explain it. Your Honor, yes, both at 401 and 407, the court talks about how it is compelled to order restitution here because of the nature of the underlying judgment. And although the court discusses the requirement of, you know, considering the equitable circumstances, if one takes a look at the opinion, its entirety effectively what it's doing, there are only two sentences that recite a mere two of plaintiff's assertions without any further analysis or evaluation. Well, I think if you look at 404 or six, what he says is, in this context, some validated judgment, personal circumstances play a diminished role, doesn't say no role, just play a diminished role. That's quoting the restatement. And, and he gave any recognizability for affirmative defenses. So before he found unjustness, he recognized a role. And then after finding unjustness, he allowed sort of equitably based affirmative defenses as well, but there wasn't a relevant one. Your Honor, two points in response. And first, the court in the very next section says that regardless of plaintiff's personal circumstances, the payment and satisfaction of a legally groundless judgment warrants restitution. And when it comes to actually discussing the assertions raised by plaintiffs, again, there is no evidence that the court actually evaluated the weight of those arguments, the weight that they played in the order for example, a discussion of the public interest in the opinion. We see nowhere, Your Honor, discussion of the high levels of debt, anywhere from 5,000 to $330,000 that each plaintiff retains the very few assets, if any, that they have. And all of these considerations would have played a role in the analysis had the district court taken them into account. What the district court did was recognize that generally equity requires consideration of these factors, but then found that in this context, in the context of substantively reverse judgment, that there was no need to do so, that in such a context, restitution is compelled because of the nature of the underlying judgment. But again, that's not what law restitution requires. And this court has incorporated the principles from Atlantic Coast in Williams, where it stated that it has the authority to deny restitution altogether if compelling equitable circumstances so dictate that there, it could not... Apologies, Judge Tatel, if you are... No, no, you go ahead. You finish your sentence. Sorry. Simply that there, the court could not, quote, ignore the realities of Metro Transit's financial experience during the years in question, and then took several pages of its opinion to discuss precisely those financial realities. Here, we see no such discussion. So, I just have two quick questions for you. Number one is, is it your position that none of your clients should have to pay restitution? Your Honor, it is our position that this court should vacate Merman so that the district court can take proper consideration of all of the factors before it in making that determination in the first instance. I would be hard put to do that balancing given that the factual record was not as developed as it could have been had the district court taken consideration of those very equitable factors. And, again, I would turn to... But you... I hear you acknowledging then that if the district court, under your view, were to have properly balanced the equities that some of your clients might actually have to pay, right, because they do have some financial resources, correct? Indeed, some clients do have some financial resources, but looking to each individual plaintiff, whether some have some small amount of positive net income on a monthly basis, those plaintiffs will also have large amounts of debt. Second question is, and maybe you can help me understand this, let's assume we were to determine this. What then happens? The District of Columbia then has to collect its judgment, right? And I assume with a lot of your clients, they'd have to go to court because according to the records I see here, some of them have nothing, right? Would their financial condition be taken into account at that point? Your Honor, yes and no. It would be taken into account in terms of the fact that it would be very difficult for the district to collect simply because these plaintiffs lack the assets to pay the judgment. But even if they were unable to pay it, the fact that they've been ordered to do so would certainly impact their credit. What few assets, if any, they retain would be depleted. At bottom, to order restitution here would be to further impoverish these plaintiffs. I understand your point. Thank you. Thank you. Yeah. I would turn you then, if I could, Your Honors, to the First Circuit's analysis in Texaco, which we find particularly instructive. Texaco versus Department of Consumer Affairs, the district court there considered a motion for restitution and considered the equity of the parties with painstaking care, discussing five distinct equitable factors over three pages of its opinion before- Why do you need a First Circuit decision given Thompson? Doesn't Thompson do everything you want? Sorry, once again, Your Honor- Doesn't Thompson provide the support you need for your argument about the district court's decision to consider all of the equities? Indeed, Your Honor. Thompson does everything we need it to and specifically discuss plaintiff's ability to make- Yeah. Okay. The reason I cite to Texaco is merely because we find it illustrative on the point and specifically with regards to the circuit court's capacity to review the district court's decision. The district court's point-by-point analysis was then taken point-by-point by the circuit court. If you were to attempt to do such a review here, it would be very difficult because the district court did not make the findings, did not say specifically which equities it was considering. And to go to Judge Millett's question earlier regarding the affirmative defenses that plaintiffs raised, quite frankly, the district court did not fully did not consider one of the affirmative defenses that plaintiffs raised, that of undue hardship to the parties. And so again, I would stress that- Can I clarify too? The district court said that you had conceded that you didn't have a change of circumstances, that their financial circumstances didn't change. And he treated that as a concession of the change of position defense. And I wanted to ask whether that's what you meant by that statement when you said they didn't change their financial circumstances based on these payments. They were already extremely poor and they remained extremely poor. Did you mean to concede the change of position defense or did you have a different angle or theory of the No, Your Honor. We did concede the change in position defense, quite simply because plaintiffs did not have the financial resources to change their position. They had to spend the money that they received on basic life necessities, on debt service. They were not able to make the sort of large investments that would have put them in a position of having, or rather, to have changed their position in reliance on the judgment. I see that I'm well over my time, Your Honors. If there's nothing else, I will return on rebuttal. All right. Thank you very much. We'll go ahead and hear from the district and I'll give you a minute or two for rebuttal. Good morning, Your Honor. Ms. Anderson. Thank you, Your Honor. Good morning and may it please the court. Stacey Anderson on behalf of the District of Columbia Appellees. Your Honors, the court should affirm in this case because there was no error of law or abuse of discretion here. The district court did not impose a categorical requirement. Did restitution be ordered? Ms. Anderson, let's just go right to the heart of the matter here. Mr. Economist cited, he quoted this sentence. This comes at the end of the analysis. It's a district court's concluding argument. He says, quote, regardless of the party's personal circumstances, the payment, the satisfaction of a legally groundless judgment unjustly enriches the recipient and thus warrants restitution. He cites the Second Circuit case and he emphasizes the word compelled to rule that restitution is required. I mean, that looks like the district court concluded here that, as he said, in a situation like this, regardless of the plaintiff's financial condition, he had no choice but to impose, but to require restitution. Right, Your Honor. I don't read the opinion that way. I think that this sentence, but I know you don't read them. You're totally right. There are places where it suggests that, you know, maybe the district court did at one point consider the plaintiff's condition. And in fact, he asked, he allowed them to submit data about it. But these are the last, this is the last sentence of his analysis. This sentence, regardless of their condition, he says. Correct, Your Honor. And my point on that is that I think the district court felt compelled on the facts of this case to reach that conclusion, because after weighing the equities, it concluded the district's right to recover here was overwhelming. If we begin with the premise. Excuse me, I'm sorry, but it says, it says, regardless of the party's, personal circumstances. That's the way the sentence starts. Correct. It's not suggesting there that, you know, I've considered their personal circumstances. He says, regardless of he's compelled to order restitution. Correct, Your Honor. And again, I think if we go back and we start with the basic concept of equity in this context, equity is focused on the fairness and the relationship between the parties. And in looking at the relationship between the parties, both the statement and decisional law focuses on the legal obligations and responsibilities between the parties. As between the two parties, would it be equitable to allow the plaintiffs to retain the monies that the district was, the district paid under legal compulsion from an order that was subsequently vacated. And the district court correctly recognized that in this context, personal circumstances do play a diminished role. And district questions whether or not, again, what, what is the definition of personal circumstances? I think plaintiffs offer a broad construct of that concept here to go outside the relationship of the parties to consider other matters that don't bear on the legal rights and responsibilities as between the parties. Can I ask you, in that, I'm sorry, Judge Taylor, are you done? I didn't mean to interrupt. Go right ahead, Your Honor. I'm rather confused, I will say, because the district court said, for them, the fact that they were spending money on ordinary living expenses isn't relevant to the equitable analysis. But in the case that Judge Taylor referred to earlier, Thompson versus Washington, the District of Columbia itself, your client, persuaded this court that it would be unjust and inappropriate to order restitution by reason, quote, by reason of the financial difficulties currently being experienced, quote, by the government. And that they had a, the government was facing a progressively worsening financial situation of its own accord, not caused by these parties, and nothing about their relationship between them. And that their income of this agency was insufficient to meet needs. And that sounds, those are all factors that the District of Columbia said apply when it's a District of Columbia client that's arguing against restitution were properly considered. But here, you argued and the district court agreed that those exact same types of financial circumstances, dire financial circumstances, income less than outgo, are legally irrelevant. Can you please tell me how both can be true? Sure, Your Honor, I'd be happy to address that, Your Honor. First of all, I see Thompson as a very difficult, different case than the one presented here, because there was an underlying legal liability between the parties. There was a right to a rent increase, the rent increase decision was overturned on procedural grounds. So there was still a claim of liability between the parties. And the restatement recognizes in that context, where there is an underlying claim of liability between the parties, based on their transactional history, that other equitable issue. Excuse me, the nature of that, I'm getting an echo, I think. We said there that the burden on DC was to show by compelling, equitable considerations compelling, not just a basic, ordinary balancing, we applied a compelling equitable considerations test, which sounds to me a lot like the type of requirement that's applied when you're dealing an invalid judgment, a substantively invalid judgment here. I disagree, Your Honor, where you have a substantively invalid judgment with no underlying legal liability on the part of the district here. We do have a right to restitution, an overwhelming right to restitution based on the equities just simply from that fact. Was a district agency's charge increased charge of rents found to be substantively? I don't believe so. In Thompson, it was a procedural error. There was a right to a rent increase. The question was how much. That's the way I read Thompson. That doesn't sound like a procedural error. That sounds like a substantive error. You were charging more than you were legally entitled to charge. It wasn't like you could go back and have a new hearing. You just forgot to introduce some evidence or something. It was legally invalid when you charged them. But we were entitled to charge something. The amount we charged was but we had a right to collect something. Here, plaintiffs have no right to collect anything. And was the restitution there for the full rent or the difference, the illegal difference? I think it ultimately, I don't know the ultimate outcome on remand, Your Honor, but I do believe that restitution was not ordered for a variety of reasons. But even for that illegal difference, the substantively illegal difference. Well, again, I'm not going to concede that there was a substantively illegal difference. It was reversed on the amount charged. I don't know that there was ultimately a determination as to what would have been the appropriate amount given the disposition. No, but there would have been, if that amount, I'm sorry, I just want to make sure I'm following your argument. If a court holds that amount X is legally invalid, you can't charge that. Now, you can apply something minus X, lower than X. But whatever that delta is between minus X and X is substantively legally invalid. Correct, Your Honor. In the same way that their judgment was legally invalid. Not in the same way, Your Honor. I would disagree with that. The difference here is there is no delta. The delta here is zero. They have no legal entitlement to keep any part of the judgment in this case. No, but as between the X and the minus X, there's also no legal right whatsoever for the District of Columbia to have collected. No right, zero. But they had a right to something at the end of the day, Your Honor. If they're not trying to get everything, if they're only trying to get the delta, there's zero right. Can I just interrupt real quick? It seems to me your answers to Judge Ouellette are confusing to me. I thought your position was that the District Court did have to take it under equitable standards of the plaintiff's financial situation and that he did. Your Honor, he did. Am I misunderstanding your argument? It sounds to me like you're arguing in response to Judge Ouellette's question that he had no legal obligations. In fact, he couldn't. What is the District's position? Your Honor, the District's position is, in the mine run of cases where a judgment is vacated... Don't tell me about the mine run of cases. Just answer the question about, in a case like this where the reversal of the judgment was an obligation to consider equity, including the financial condition of the plaintiffs, or does he not? That's all. Your Honor, plaintiffs have not... I'm sorry. I meant to say I understand your question, Your Honor. Plaintiffs have not cited any authority for the proposition that their inability to repay the restitution is a consideration here. That's not... Ms. Anderson, please answer my question. When I read you this sentence at the end of his opinion, where the court said, regardless of their circumstances, he's compelled. Your response to me was, well, he did consider the equities. That, right? If you look at the court's opinion, it's a reasonable opinion. I would like you to just state for the court, does the District believe that if you read the District Court's opinion here, he considered their financial situation and balanced it, and after balancing it, considered that they had to pay restitution? Is that your view, or is your view that the District Court was required by law not to consider their financial condition? That is that he's, quote, compelled, as he says at the end. Your Honor, I read the District Court's use of the word compelled at the end of its decision to mean the equities were so overwhelmingly in favor of the District in this context that the court was compelled to grant restitution. Your Honor, if I could just step back... Was that the first or the second of what Judge Tatel said? I'm still not clear. He gave you two versions of how the law works. Do you agree with the first version or the second version? Your Honor, I believe the District Court did consider the arguments and the evidence that plaintiffs presented in this case, properly afforded it a diminished role given the overwhelming equities here that go with the vacation of a court order... What's the difference between diminished role and no role? I think diminished role means... In a case where reversal was on substantive... Right. Again, I think it would be very, very difficult to overcome the equities in this case based on the inability to pay given how substantial they are. And if I could just make one point with respect to that... How could the court have considered... Let's assume you're right that the court did... That you can read this as suggesting that the court did consider the equities. The District Court drew no distinction between any of the individual plaintiffs. Some of them have $1,000 or more of monthly income. Some are homeless, destitute. There's no indication in the court's decision that he considered those. And that's my what equity is, right? Your Honor, again, plaintiffs painted their clients as being all similarly situated. And I think the district took them at their word and considered them in that regard. That's not what Mr. Econis just told us. I suggest the briefing indicates otherwise in the district court and here as well. You're well over time, unless either of my colleagues have more questions either. I just... I'm still not clear. Please go ahead, Judge Walker. Go ahead, Judge Walker. Good luck. Ask it again. See, answer. I mean, because Ms. Anderson, there's a scenario where the district court considered the plaintiff's financial situations, decided that that was a factor, but it wasn't a strong enough factor to overcome other equitable factors, and then reach the conclusion that it did. Do you believe that's what the district court did? Yes, Your Honor. I believe that is what the district court did. And one more question. Do you believe that's what the district court should have done? Your Honor, I believe that district court... Plaintiffs have not... I think whether the district court should have or not, it did here. And I think that is clear from the record. And I just want to make... That's a no. You're deciding not to answer the question, which is okay. That's your answer. That's your answer. Your Honor, if I could just make one, I think one significant point here. Thank you, Your Honor. When we look at the district's motion to stay the court's mandate in this case, plaintiffs argued there would be no irreparable harm here. And rightly so, because this court has routinely held an award of monetary relief does not give rise to irreparable harm, because if you succeed in your litigation, you get your money back. So we begin with that premise. The equities strongly favor almost automatic return where there's no underlying legal liability between the parties. And I think the district court correctly recognized it. It heard plaintiff's arguments regarding affirmative defenses, as well as the financial situation of the plaintiffs. But at the end of the day, concluded that that overwhelming need to correct the coercive effect of that invalid legal judgment outweighed the equities. Indeed, it's the district's position here that it would have been an abuse of discretion had the district court ruled otherwise in this case. All right. Ms. Anderson, thank you very much. We have your Thank you, Your Honor. Mr. Economist, you are out of time, but you can take one minute. Thank you, Your Honor. I'd like to just begin with the holding. As the court stated it once again, the court now holds that as much as it sympathizes with plaintiff's financial circumstances, plaintiffs must pay restitution to defendants, because Mr. Economist. Yes, I appreciate it. And we can read it. Let me ask you, what's your best precedent in a case where, as Judge Millett was saying, the delta is zero? Or as Ms. Anderson was saying in response to Judge Millett's question, the delta is zero. There was no substantive right to the money that was awarded in a judgment that reversed. What's your best case that poverty matters, financial situations matter? I would turn you to Heller v. Fortis benefits, Your Honor, here in the D.C. Circuit, where there was an individual who had been receiving disability benefits. It was later shown that she had worked during the period that she received the disability benefits. Therefore, she was not entitled. And they nonetheless went into the equities and took point by point the personal point. If I may, I see I'm up on time. Yes. Thank you. After we got off the point about whether equities are limited to the relationship between the parties, opposing counsel tried to distinguish on the basis of substantive versus procedural. But that's precisely what we see in Heller v. Fortis benefits. Also in Baltimore and Ohio Railroad Company and the United States Supreme Court. Again, I would say to Texaco and Libuti v. United States in the Second Circuit, all of these cases hold that even in the event of a substantively overturned judgment, the equities have to be considered. That's what the district court failed to do here. And if it had taken into account the arguments plaintiffs raised, it certainly would have changed the outcome in the case. Thank you, Your Honors. Thank you. Mr. Economist, the court appointed the Georgetown program to represent the plaintiffs here. And your briefs and oral argument have been very helpful to us. Thank you.
judges: Tatel, Millett, Walker